UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JAMESON ROMERO,

                              Plaintiff,

                   -against-

Police Officer ALEXANDER LAGO, Shield No. 21997; Police Officer Mohammad Mostofa; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 5032 (SHS)

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Jameson Romero ("plaintiff" or "Mr. Romero") is a resident of Richmond County in the City and State of New York.

7.      Defendant Police Officer Alexander Lago, Shield No. 21997 ("Lago"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lago is sued in his individual and official capacities.

8.      Defendant Police Officer Mohammad Mostofa ("Mostofa"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Mostofa is sued in his individual and official capacities.

9.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 3:00 p.m. on June 19, 2013, Mr. Romero was lawfully in the subway station at Bridge Street and Whitehall Street in Manhattan.

13. After swiping his metro card, Mr. Romero entered through the turn style and walked toward the platform to wait for the train.

14. Mr. Romero heard someone from behind loudly yelling, "stop!"

15. When plaintiff turned around a defendant officer aggressively came toward him and demanded his identification.

16. Surprised, Mr. Romero asked why he needed to produce his identification.

17. Defendant did not respond.

18. Notwithstanding, Mr. Romero complied and provided his identification.

19. The defendant officer then accused Mr. Romero of failing to pay for his subway ride.

20. Baffled, Mr. Romero said he had just swiped his card and went through the turn style.

21. The defendant began to search Mr. Romero without his permission and found a legal folding razor used for shaving.

22. Without probable cause or reasonable suspicion to believe he had committed any crime or offense, the defendant officer handcuffed and arrested Mr. Romero.

23. Plaintiff was eventually taken to a police precinct.

24. At the precinct defendant officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff commit the offenses of theft of services and criminal possession of a weapon.

25. At no point did officers observe plaintiff commit any offense.

26. Mr. Romero was eventually taken to Manhattan Central Booking.

27. Plaintiff was arraigned in New York County Criminal Court, where he was released on his own recognizance after approximately twenty-four hours in custody.

28. Mr. Romero was compelled to appear in criminal court on multiple occasions for almost a year before all charges against him were dismissed in their entirety on June 12, 2014.

29. Mr. Romero suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
**Unlawful Stop and Search**

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Malicious Prosecution**

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

38. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

39. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants created false evidence against plaintiff.

42. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

43. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair

trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
**Failure To Intervene**

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      November 10, 2014
            New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwf.nyc

*Attorneys for plaintiff*